86 F.3d 1158
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jason COHN, Defendant-Appellant.
 No. 94-1561.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1996.[1]
Decided May 17, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Jason Cohn pleaded guilty to possessing with intent to distribute approximately 12.1 grams of blotter paper containing LSD, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Cohn was sentenced to 120 months' imprisonment. He now appeals from the judgment of the district court after denial of his motion for a reduction of sentence following a change in the Sentencing Guidelines. His attorney, believing that the record shows no meritorious issues for the basis of appeal, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asking leaving to withdraw.
 
 
 2
 The facts underlying the guilty plea include Cohn's sending by United Parcel Service a package containing 12.1 grams of LSD on blotter paper (2,000 dosage units) from California to Illinois. In addition, the parties stipulated that other relevant conduct (see U.S.S.G. § 1B1.3(a)(2)) included sending an additional 12.8 grams by mail from California to Illinois.
 
 
 3
 At sentencing, the weight of the LSD used to determine the base offense level was calculated in accordance with Chapman v. United States, 500 U.S. 453 (1991), which provides that for sentencing purposes, the term "mixture or substance" in 21 U.S.C. § 841(b)(1) includes the carrier medium in which LSD is absorbed, in this case blotter paper. With an adjusted offense level of 30 and criminal history category of I, the imprisonment range was 97 to 121 months. Cohn was sentenced to the statutory mandatory minimum of 120 months' imprisonment. 21 U.S.C. § 841(b)(1)(A)(v).
 
 
 4
 Cohn sought resentencing[2] after the Sentencing Commission revised § 2D1.1 of the Guidelines, effective November 1, 1993, to permit an alternative method of weighing controlled substances, using the presumptive weight of 0.4 grams for each dosage unit of LSD. In Cohn's situation, this method of calculation would result in a sentencing range of 41 to 51 months, a considerable reduction.[3]
 
 
 5
 Since defendant filed this appeal,[4] the Supreme Court has announced its decision in Neal v. United States, 116 S.Ct. 763 (1996), holding that the mandatory minimum sentencing scheme under § 841(b)(1) "directs a sentencing court to take into account the actual weight of the blotter paper with its absorbed LSD, even though the Sentencing Guidelines require a different method of calculating the weight of an LSD mixture or substances." 116 S.Ct. at 769.
 
 
 6
 The potential arguments against such a holding were thoroughly discussed by Cohn's attorney in the Anders brief. The Court in Neal acknowledged these types of arguments: "True, there may be little in logic to defend the [mandatory minimum sentencing] statute's treatment of LSD; it results in significant disparity of punishment meted out to LSD offenders relative to other narcotics traffickers." 116 S.Ct. at 769. Following Neal, therefore, Cohn's challenge to the method of calculation of the weight of LSD cannot prevail. In addition, our review of the record reveals no other potential non-frivolous issues exist upon which to base an appeal. Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 [1]
 We notified defendant that an Anders brief had been filed. See Circuit Rule 51(a). No response has been filed
 
 
 [2]
 18 U.S.C. § 3582(c)(2) permits a defendant to move for a reduction in the term of imprisonment where, following the original sentencing, the Sentencing Commission lowers a sentencing range
 
 
 [3]
 The 2,000 dosage units multiplied by 0.4 milligrams equals 800 milligrams. Pursuant to U.S.S.G. § 2D1.1(a)(3)(c)(10), the unadjusted offense level equals 24, which is lowered two levels for acceptance of responsibility, § 3E1.1. The resulting offense level of 22, along with a Criminal History Category of I, require a term of imprisonment ranging from 41 to 51 months
 
 
 [4]
 We granted Cohn's motion to stay the appeal pending the Supreme Court's decision in Neal. Cohn's brief was filed after the Court announced its decision in Neal